## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOD M. SPARKS, II, | |
| Plaintiff, | CIVIL ACTION NO. 3:21-CV-02177 |
| v. | (MEHALCHICK, M.J.) |
| SUPERIOR COURT OF DANBURY, et al., | |
| Defendants. | |

## <u>MEMORANDUM</u>

This action brought by *pro se* Plaintiff Tod M. Sparks, II ("Sparks") was commenced by the filing of a complaint on December 29, 2021. (Doc. 1). In his complaint, Sparks alleges that Defendants Danbury Courthouse, Judges, Court Clerks, and Police (collectively "Defendants") have permitted Diana Clarke ("Clarke") to stalk and sexually harass him. (Doc. 1, at 1-2). Having conducted the statutorily-mandated screening of Sparks's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court finds that it lacks jurisdiction to hear Sparks's claims and that Sparks has failed to state a claim upon which relief may be granted.

I.   **BACKGROUND AND PROCEDURAL HISTORY**

On December 29, 2021, Sparks, proceeding *pro se*, filed the instant action against Defendants. (Doc. 1, at 1). Concurrently with his complaint, Sparks filed a motion for leave to proceed *in forma pauperis*.[1] (Doc. 2). In his complaint Sparks alleges that Defendants permitted Clarke to stalk him. (Doc. 1, at 1-2). Sparks states that Clarke has stalked him "by internet, cellphone, computer, 3rd party, drive by my office, my house [and] repeat of calling

---

[1] The Court grants Sparks's motion for leave to proceed *in forma pauperis* by separate order. (Doc. 2).

police saying Im sitting outside house." (Doc. 1, at 2). Sparks contends that he, his wife, and his daughter all feel unsafe and threatened by Clarke. (Doc. 1, at 2). Additionally, Sparks describes a complaint that he has filed against the Superior Court of Danbury alleging its negligence in preventing the stalking, sexual harassment, and abuse from which he suffers. (Doc. 1, at 2). Sparks seeks relief in his favor and that the Superior Court of Danbury County be educated on the possibility that a male can be sexually harassed by a female. (Doc. 1, at 2).

II.    **SECTION 1915(E)(2) STANDARD**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court is statutorily required to review the complaint of a plaintiff proceeding *in forma pauperis* prior to service of process. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see generally Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 587–89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well

as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for

- 3 -

which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. Cty. of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

- 4 -

III.   **DISCUSSION**

A.   LACK OF SUBJECT MATTER JURISDICTION

Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Additionally, "federal district courts are vested with original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between 'citizens of different States.'" *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (citing 28 U.S.C. § 1332(a)(1)).

Sparks attempts to invoke diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. 1, at 1-2). However, Sparks does not allege that

> the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).

There is no indication of the citizenship of any of the parties, nor is there an amount in controversy stated within the complaint. (Doc. 1). Thus, Sparks has failed to demonstrate that diversity jurisdiction exists in this case. Additionally, it is unclear what Sparks seeks and he

provides no indication regarding the Constitutional provision from which his claims arise. (Doc. 1, at 1-2). Therefore, Sparks has failed to allege a claim over which the Court has original jurisdiction. (Doc. 1).

### B. FAILURE TO STATE A CLAIM UNDER RULE 8

Sparks's complaint fails to state a claim under Rule 8(a) of the Federal Rules of Civil Procedure. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *Scibelli v. Lebanon Cty.,* 219 F. App'x 221, 222 (3d Cir. 2007). Dismissal under Rule 8 is proper when a complaint "le[aves] the defendants having to guess what of the many things discussed constituted [a cause of action]." *Binsack v. Lackawanna Cty. Prison,* 438 F. App'x 158, 160 (3d Cir. 2011).

While the undersigned must construe the complaint liberally due to Sparks's status as a *pro se* litigant, the complaint fails to meet the pleading requirements of Rule 8. (Doc. 1). Sparks has not expressly alleged any claim arising out of the Constitution and it is unclear what rights he alleges have been violated by the Defendants' conduct. (Doc. 1). Sparks notes that he has filed a negligence claim against the Superior Court of Danbury. (Doc. 1, at 2). However, an ordinary negligence claims does not state a claim for relief under § 1983 because it does not allege a Constitutional violation. Additionally, Sparks has failed to allege the four elements required to establish a negligence claim. To assert a claim for negligence, a plaintiff must demonstrate "1) the defendant owed the plaintiff a duty; 2) the defendant breached the duty; 3) the plaintiff suffered actual harm; and 4) a causal relationship existed between the breach of duty and the harm." *Adams .v Wells Fargo Bank, N.A*., No. 16-0907, 2017 WL 6619015, at *2 (E.D. Pa. Dec. 27, 2017) (quoting *Freed v. Geisinger Medical Center*, 910 A.2d

- 6 -

68, 72 (Pa. Super. Ct. 2006). Sparks does not allege any of the elements for a negligence claim other than that he has suffered harm from Clarke's stalking, sexual harassment, and abuse. (Doc. 1, at 2). Sparks must allege with sufficient particularity that the rights afforded to him under the Constitution have been violated. *See Binsack*, 438 F. App'x at 160. Blanket assertions are not enough to assert a Constitutional claim. As the Court cannot discern what rights Sparks is alleging were violated by Defendants' conduct, he has failed to state a claim upon which relief may be granted.

C. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson*, 293 F.3d at 108. Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). In this case, the Court will grant Sparks leave to file an amended complaint in an attempt to cure the deficiencies outlined herein. *Estelle*, 429 U.S. at 106; *Grayson*, 293 F.3d at 108. Sparks may amend his complaint in an effort to assert a claim under the United States Constitution against Defendants.

The amended complaint must consist of concise and direct statements alleging which civil rights were violated, and the specific acts that established each violation. Mere speculation is insufficient. Sparks is advised to follow each claim with a corresponding good-faith request for relief. Sparks must limit claims to those by which he has suffered actual harm due to the actions of the Defendants. Finally, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without

reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

IV.     **CONCLUSION**

As it stands, Sparks's complaint fails to state a claim upon which relief may be granted (Doc. 1). The Court grants Sparks leave to file an amended complaint within 30 days from the date of the Order filed concurrently with this Memorandum, on or before March 28, 2022.

An appropriate Order follows.

Dated: February 24, 2022                           s/ Karoline Mehalchick
                                                    **KAROLINE MEHALCHICK**
                                                    **Chief United States Magistrate Judge**